# PECHMAN LAW GROUP PLLC
### ATTORNEYS AT LAW

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

February 18, 2020

**VIA ECF**

Honorable Debra C. Freeman
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re: *Jose Romero, et al. v. Essex 123 Inc., et al.*
>     No. 19 Civ. 01690 (DF)

Dear Judge Freeman:

     We represent Plaintiffs in the above-captioned matter.  We write jointly with counsel for Essex 123 Inc. d/b/a Champion Pizza, New Astoria Corp. d/b/a Champion Pizza, KEH Corp. d/b/a Champion Pizza, NJK Corp. d/b/a Champion Pizza Columbus, MHS Pizza Corp. d/b/a Champion Pizza, 101 A&S Inc. d/b/a Champion Pizza Ludlow, Right Brain Pizza Corp. d/b/a Champion Pizza, Sung Tae Kim a/k/a Edward Kim, Joseph Guevara and Hakki Akdeniz (collectively "Defendants") to request that the Court approve the attached negotiated Settlement Agreement and Release ("Settlement Agreement") (Exhibit A) as a fair and reasonable compromise of this matter.

## PROCEDURAL HISTORY AND PLAINTIFFS' ALLEGATIONS

     On February 22, 2019, Alberto Guevara and Jose Romero through their counsel, Pechman Law Group PLLC ("PLG"), commenced this action against Defendants by filing a complaint (the "Complaint") in the United States District Court, Southern District of New York (the "Court"), Docket No. 1:19–cv–01690–LGS–DCF (the "Action"), alleging, *inter alia*, that they worked for Defendants as pizza makers, cooks, delivery workers and counter workers; that Defendants failed to pay them overtime wages and spread-of-hours pay and that they were not provided with wage statements with each payment of wages or with wage notices upon hiring and whenever their rate of pay changed. The Action was brought as a hybrid FLSA Collective Action pursuant to 29 U.S.C. § 216(b) and Rule 23 Class Action on behalf of themselves and all similarly situated persons employed by Defendants.

     Defendants filed their Answer on May 13, 2019 (ECF No. 43), and an Amended Answer on June 3, 2019 (ECF No. 44).  The parties then exchanged discovery requests and

produced documents for the named Plaintiffs, specifically Defendants provided pay and time records on April 25, 2019 and Plaintiffs provided hand-written calendars and timecards on April 22, 2019. *See* ECF No. 45 (Parties' June 21, 2019 Status Letter to Judge Schofield). Thereafter, the parties agreed to stipulate to conditional certification of an FLSA Collective described as "all persons who work or have worked as pizza makers, cooks, counter workers, and/or delivery workers" for the Champion Pizza locations in Astoria, 2 West 14th Street, and Columbus Circle at any time between February 22, 2013 and the present. The parties then exchanged several versions of the Notice of Lawsuit and Consent to Sue Form, and vigorously negotiated its contents, specifically, which locations would be included in the Collective Action, the language of the Consent to Sue form, as well as the length of the opt-in period, whether a reminder notice would be sent, and whether the Notice would be posted in the pizzerias. The parties sought assistance from District Judge Schofield and participated in an in-person conference on August 6, 2019 to resolve these issues. ECF Nos. 49, 52.

Plaintiffs mailed the Notice of Lawsuit and Consent to Sue Forms to the putative Collective Action members and received an opt-in from Joran Jaramillo (ECF No. 58). The opt-in period closed on October 14, 2019, and Defendants thereafter provided payroll and time records for Joran Jaramillo's employment at Champion Pizza Columbus Circle location. The parties then engaged in several rounds of settlement negotiations and ultimately participated in a settlement conference with Your Honor on January 17, 2020, where the parties agreed to a settlement in principle that is memorialized in the attached negotiated Settlement Agreement and Release ("Settlement Agreement") (Exhibit A). The parties exchanged several versions of the Settlement Agreement, and PLG also met with the Plaintiffs to review all terms of the Settlement Agreement, including each Plaintiff's distribution of the settlement payment, which Plaintiffs accepted.

Pursuant to the Court's Order dated January 21, 2020 (ECF No. 69) the Parties submit this letter motion requesting that the Court approve the Settlement Agreement and dismiss the action with prejudice, but retain jurisdiction over this matter for purposes of enforcing the Agreement.

## PLAINTIFFS' LEGAL CLAIMS

### I. Wage Payment Violations

Plaintiffs allege that although they regularly worked more than forty hours per workweek, Defendants did not properly compensate them at one and one-half (1½) times their hourly rate. *See* 29 U.S.C. § 207(a); 12 N.Y.C.R.R. § 146-1.4. Specifically, Plaintiffs allege that they were compensated at a "straight-time" rate for all hours worked, *i.e.* paying all hours at the same hourly rate, resulting in a failure to pay overtime pay. Plaintiffs also allege that they are entitled to, but did not receive spread of hours pay— an additional hour's pay at the basic minimum wage rate—for each day in which their shift exceeded ten hours, 12 N.Y.C.R.R. § 142-2.4, as well as accurate wage statements, and wage notices containing, *inter alia*, their rate or rates of pay and basis thereof. In

support of their claims, Plaintiffs refer to Defendants' payroll records that reflect that Plaintiffs were paid the same hourly rate for all hours worked and do not reference any overtime premium rates or spread of hours pay. Defendants' deny Plaintiffs' claims and allege that they were properly paid in accordance with employment contracts provided to the Plaintiffs upon hire. Specifically, Defendants asserted that employment agreements provided for lawful hourly wage rates that Defendants honored during the course of the Plaintiffs' employment, including the payment of appropriate amounts of overtime.

## ARGUMENT

### THE COURT SHOULD APPROVE THE SETTLEMENT OF PLAINTIFFS' FLSA CLAIMS AS FAIR AND REASONABLE AND DISMISS THE ACTION WITH PREJUDICE

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), provides that stipulated dismissals settling FLSA claims with prejudice require the approval of a United States District Court or the Department of Labor. 796 F.3d at 200; *see also* ECF No. 46 ("Any settlement—including any proposed attorneys' fee award—must be scrutinized by the Court to ensure that it is fair"). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Martinez v. Hilton Hotels Corp.*, No. 10 Civ. 7688 (JLC), 2013 WL 4427917, at *2 (S.D.N.Y. Aug. 20, 2013) (quoting *Garcia v. Bae Cleaners Inc.*, No. 10 Civ. 7804 (KBF), 2012 WL 1267844, at *1 (S.D.N.Y. Apr. 12, 2012)). Courts in the Second Circuit consider the totality of the circumstances, including the following factors, when determining whether a proposed settlement is fair and reasonable:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotations omitted). The Parties believe the settlement here is fair and reasonable under these factors.

### I. Terms of Settlement

With Your Honor's assistance, the Parties agreed to settle this matter for $60,000.00 (the "Settlement Amount"). As set forth below, the Agreement is a fair and reasonable

3

Hon. Debra C. Freeman
February 18, 2020
Page 4

compromise as it resolves bona fide disputes over sharply contested issues and provides substantial relief to Plaintiffs. Of that amount, $20,305.83 is payable to Plaintiffs' counsel (including $458.75 in expense reimbursements and $19,847.08 in attorneys' fees). The remaining $39,694.17 is payable directly to Plaintiffs.

The Agreement provides that Defendants shall pay the Settlement Amount in a lump sum payment of $60,000 by February 17, 2020 or five days after the Court dismisses the Action with prejudice, whichever occurs later. *See* Settlement Agreement, § 1. No Plaintiff will receive a service award.

The Agreement's terms are consistent with *Cheeks*. There is no confidentiality or non-disparagement provision. The Agreement contains a mutual general release, *id.* § 3, that applies equally to all Defendant and Plaintiffs.

As a fair and reasonable settlement that was negotiated at arm's length, the Agreement contains provisions that help to ensure that Defendants pay the Settlement Amount. Namely, as part of the settlement, the Parties jointly requested the Court retain jurisdiction over this matter for purposes of enforcing the Agreement's terms in the event of such default, *id.* § 11.

## II. Plaintiffs' Litigation Risks

Throughout this litigation, the parties have held significantly different viewpoints of the viability of Plaintiffs' claims and Defendants' potential liability. Fundamentally, the parties dispute whether there is any violation of law, the hours worked by Joran Jaramillo at the Champion Pizza on Ludlow, and the consistency of Defendants' pay practices across the pizzerias.

Although it is Plaintiffs' position that they were not paid one and one-half times of their regular rates, Plaintiffs recognize that a jury may credit Defendants' position that Plaintiffs agreed to wage rates contained in employment contracts and were paid in excess of those rates. Such a finding would significantly limit the amount of damages Plaintiffs could recover at trial. Indeed, Defendants have also argued that Opt-in Plaintiff Joran Jaramillo may not assert all of his claims (specifically those from 2015) arising under the NYLL as an opt-in plaintiff, accordingly, Plaintiffs would have to move the Court for leave to amend the Complaint or file a separate action in state court to pursue his claims. Based on these disputes, the parties engaged in good-faith, arm's-length settlement negotiations to resolve not only Plaintiffs' FLSA claims, but also their pendent state law claims.

Proceeding with the litigation would consume significant amounts of time and resources, almost certainly including most, if not all, of the settlement amount. By settling, the Parties are choosing to cut their losses to ensure an outcome that they can both accept and control.

4

## II. Possible Range of Recovery and Distributions

Plaintiffs computed a damages analysis relying on Plaintiffs' best estimates of the hours worked. Plaintiffs' damages analysis resulted in a total damage amount of approximately $92,000, including "actual" overtime wages damages and any damages owed for spread-of-hours pay, wage notice and wage statement violations, liquidated damages under the NYLL, and statutory interest on the NYLL claims at 9% per annum.

| Plaintiffs | Unpaid Overtime and Spread of Hours | Wage Theft Prevention Act | N.Y.L.L. Interest | N.Y.L.L. Liquidated Damages | Totals |
|---|---|---|---|---|---|
| Guevara, Alberto | $8,701.08 | $10,000 | $1,420.30 | $8,701.08 | $28,822.46 |
| Romero, Jose | $11,460.94 | $10,000 | $1,842.54 | $11,460.94 | $34,764.42 |
| Jaramillo, Joran | $8,135.21 | $10,000 | $2,750.15 | $8,135.21 | $29,020.56 |
| Totals: | **$28,297.23** | **$30,000** | **$6,012.99** | **$28,297.23** | **$92,607.44** |

As stated above, Plaintiffs' analysis is that they are owed $28,927.23 in unpaid overtime and spread of hours wages, liquidated damages in the same amount, statutory damages under the Wage Theft Prevention Act of $30,000, and $6,012.99 in interest to date, for a total of $92,607.44.

The Settlement Amount (*i.e.*, $60,000.00) represents full compensation of the "actual" unpaid wages and liquidated damages calculated from Plaintiffs' analysis, which would be the anticipated recovery if Plaintiffs had received a favorable outcome at trial for their FLSA and NYLL wage claims. While it does not compensate Plaintiffs for all of their penalties, interest, and attorneys' fees in addition to the damages, the parties believe that this is a fair and reasonable recovery based on the risks associated with proceeding to trial.

## III. Avoidance of Litigation Burdens and Expenses

A significant factor in settlement negotiations was the avoidance of further litigation burdens and expenses associated with a jury trial. Specifically, Plaintiffs brought this Action against seven Champion Pizza locations under a joint-employer theory that all the locations were operated by the individual defendants as a single, integrated enterprise that jointly employed Plaintiffs. Defendants deny this claim and assert that each location is operated through independent corporate entities. Therefore, Plaintiffs would have to establish that all seven locations had interrelated and unified operations, which would require the testimony of multiple witnesses, including current

Hon. Debra C. Freeman
February 18, 2020
Page 6

and former employees. Accordingly, considerable resources would be expended on both sides to establish and defend against Plaintiffs' claims at trial. Defendants also assert that the individual defendants are not liable as employers under the FLSA or NYLL. Defendants' position that Plaintiffs' were not entitled to additional pay if they were paid the rates contained in their employment contracts would also have to be tested which would require pre-trial motions, and Plaintiffs would move to exclude them from the trial. In light of the fact-intensive nature of the issues in dispute as well as the remaining legal issues, further litigation would result in both sides incurring significant legal fees that would almost certainly exceed the Settlement Amount.

### IV.     Arms' Length Negotiations, Absence of Collusion

The Parties' attorneys are competent and experienced in wage and hour matters. Counsel engaged in arm's length and vigorous negotiations on behalf of the Parties. The Parties' vigorous negotiations confirm that there was no collusion or fraud and that the settlement amount is the product of fair and reasonable negotiations.

### V.     Attorneys' Fees

PLG has used its considerable expertise and experience in litigating wage-and-hour cases to provide a satisfactory result to Plaintiffs. PLG's lodestar in this matter totals $37,993.75.[1] In accordance with the retainer agreement Plaintiffs signed with PLG, PLG's attorneys' fees of $20,305.83 equal 33.33% of the Settlement Amount inclusive of reimbursements of $458.75[2] in costs PLG incurred in prosecuting this matter. The contingency fee of 33.33% that Plaintiffs agreed to in their respective retainer agreements with PLG should be approved. *In re Lawrence*, 24 N.Y. 3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."). "A contingency fee is presumptively valid where 'the proposed fee amount is exactly one-third of the net settlement amount,'" as it is in this case. *Angamarca v. Hud-Moe LLC*, No. 18-CV-1334 (RA), 2018 WL 6618412, at *1 (S.D.N.Y. Dec. 17, 2018) (quoting *Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950 (RA), 2018 WL 3222519, at *5 (S.D.N.Y. July 2, 2018). "[S]ettlements of a one-third percentage are typically found reasonable in this Circuit." *Oxley v. Excellent Home Care Servs., LLC*, No. 18-CV-2374 (RJD) (CLP), 2020 WL 401772, at *3 (E.D.N.Y. Jan. 24, 2020). Accordingly, PLG respectfully requests that the Court approve the one-third contingency fee in this case as fair and reasonable.

---

[1] Enclosed for the Court's review as Exhibit B is a copy of PLG's time records.

[2] The costs consist of the $400 filing fee of the Complaint, and $58.75 in copying ($.10 per page) and postage costs ($.65 and $.50 postage per mailing) for mailing of collective action notice.

Hon. Debra C. Freeman
February 18, 2020
Page 7

    For all the foregoing reasons, the parties respectfully request that their Settlement Agreement be approved and that the Court dismiss the action through entry of the Stipulation and Order of Dismissal with Prejudice.

                                        Respectfully submitted,

                                        Vivianna Morales

cc:  Counsel of Record (via ECF)

Enclosures